Steve **GUPTA**, Plaintiff–Appellant,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant–Appellee.**

No. 06–56818.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 6, 2008.

Steve Gupta, Glendale, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument, and accordingly, denies Gupta's request. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Alarice M. Medrano, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Steve Gupta, an attorney, appeals pro se from the district court's summary judgment in favor of defendants in his action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), seeking documents about Rahul Gandhi's alleged detention at Logan Airport in September 2001. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment regarding the applicability of a FOIA exemption. *Klamath Water Users Protective Ass'n v. U.S. Dep't of Interior,* 189 F.3d 1034, 1036–37 (9th Cir.1999). We affirm.

The district court properly concluded that Exemption 7(C) applies because disclosure of the requested documents could reasonably be expected to constitute an invasion of Gandhi's privacy, and Gupta failed to demonstrate any government impropriety that would support the public interest in the release of the documents.[1] *See U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 776, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) (explaining that whether Exemption 7(C) applies requires "balancing" the per-

1. Title 5 U.S.C. § 552(b)(7)(C) exempts from disclosure law enforcement records or information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."

sonal privacy that could reasonably be expected to be invaded by the production of the records against the public purpose served by release); *see also Nat'l Archives and Records Admin. v. Favish,* 541 U.S. 157, 174, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004) (concluding that "where there is a privacy interest protected by Exemption 7(C) ... the requester must provide evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred.").

Gupta's remaining contentions are unpersuasive.

**AFFIRMED.**